conclusively shows appellant's servants in charge of the train never had a last clear chance. Neither of these contentions can prevail. The evidence in our judgment is ample to sustain a verdict under either paragraph of complaint. For a statement of the facts, see the opinion in the Bunting case.

Objection is made to instruction No. 2, given by the court on its own motion. This instruction relates to the rule of last clear chance and is a correct statement of the law on that subject. The only objection to the instruction is that the evidence did not justify the submission of that issue to the jury, but, as already indicated, we think otherwise.

Judgment affirmed.

---

### SUMMERS *v.* BUTLER ET AL.

[No. 12,145.   Filed February 19, 1926.]

From the Allen Circuit Court; *Sol A. Wood,* Judge.

Action between Elizabeth Summers and Mary Butler and others. From the judgment rendered, the former appeals. *Affirmed.* By the court in banc.

*Samuel D. Jackson, R. C. Parrish* and *Leonard, Rose & Zollars,* for appellant.

*Breen & Morris,* for appellees.

PER CURIAM.—Affirmed.

---

### HUNTINGTON GROCERY COMPANY *v.* VANBUSKIRK, RECEIVER.

[No. 12,242.   Filed February 24, 1926.]

From Wabash Circuit Court; *Frank O. Switzer,* Judge.

Action between the Huntington Grocery Company and Fred VanBuskirk, receiver of the Peoples Co-operative Store Company of Ijamsville. From the judgment rendered, the former appeals. *Affirmed.* By the court in banc.

*Quincy Milliner* and *J. W. R. Milliner,* for appellant.

*Alfred H. Plummer* and *Franklin W. Plummer,* for appellee.

NICHOLS, C. J.—Affirmed on authority of *Kohler* v. *Grzesk* (1921), 77 Ind. App. 702, 133 N. E. 506.